# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Justin D. Shackelford

vs.

Regents of the University of Minnesota

Plaintiff(s),

Defendant(s).

(Enter the full name(s) of ALL plaintiffs and defendants in this lawsuit.  Please attach additional sheets if necessary.)

21-cv-1910 DWF/HB

Case No. _____
(To be assigned by Clerk of District Court)

DEMAND FOR JURY TRIAL
YES ☐   NO ☑

## EMPLOYMENT DISCRIMINATION COMPLAINT

### PARTIES

1. List your name, address and telephone number.  Do the same for any additional plaintiffs.

   a. Plaintiff

   Name  Justin Shackelford

   Street Address  6910 54th Ave. N. #302

   County, City  Hennepin, Crystal

   State & Zip Code  MN 55428

   Telephone Number  763-531-0739

2. List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address

SCANNED
AUG 24 2021
U.S. DISTRICT COURT MPLS

where each defendant may be served. Make sure that the defendant(s) listed below are
identical to those contained in the above caption.

a.  Defendant No. 1

Name  Regents of the University of Minnesota

Street Address  360 McNamara Alumni Center, 200 Oak St. SE

County, City  Hennepin, Minneapolis

State & Zip Code  MN 55455

b.  Defendant No. 2

Name

Street Address

County, City

State & Zip Code

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE
PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.
Check here if additional sheets of paper are attached:** ☐
**Please label the attached sheets of paper to correspond to the appropriate numbered
paragraph above (e.g., Additional Defendants 2.c., 2.d., etc.)**

JURISDICTION

The Court has jurisdiction over this action under 28 U.S.C. § 1331.

3.  This employment discrimination lawsuit is based on (check only those that apply):

a.  ☐ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.*,
for employment discrimination on the basis of race, color, religion, gender, or national
origin. **NOTE:** *In order to bring suit in federal district court under Title VII, you must
first obtain a right to sue letter from the Equal Employment Opportunity Commission
(EEOC).*

b.  ☐ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et.
seq.*, for employment discrimination on the basis of age (age 40 or older). **NOTE:** *In*

*order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission (EEOC).*

c. ☒ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq.*, for employment discrimination on the basis of disability. **NOTE**: *In order to bring suit in federal court under the Americans with Disabilities Act, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).*

d. ☐ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et. seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance. **NOTE**: *In order to bring suit in federal district court under the Rehabilitation Act of 1973, you must first file charges with the appropriate Equal Employment Office (EEO) representative or agency.*

e. ☐ Other (Please describe.)

4. If you are claiming that the discriminatory conduct occurred at a location other than the defendant's address above, please provide the following information on where the conduct occurred: University of Minnesota Veterinary Medical Center

1365 Gortner Ave.    St. Paul/Ramsey    MN    55108
(Street Address)    (City/County)    (State)    (Zip Code)

5. When did the discrimination occur? Please give the date or time period:
November 2020 — August 2021

ADMINISTRATIVE PROCEDURES

6. Did you file a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency?

a. ☒ Yes    Date filed: 05/18/2021

b. ☐ No

7. Have you received a Notice of Right-to-Sue Letter?

3

a. ☒ Yes      If yes, please attach a copy of the letter to this complaint.

b. ☐ No

NATURE OF THE CASE

8.  The conduct complained of in this law suit involves (check only those that apply):

a. ☐ Failure to hire me

b. ☐ Termination of my employment

c. ☐ Failure to promote me

d. ☒ Failure to accommodate my disability

e. ☒ Terms and conditions of employment differ from those of similar employees

f. ☒ Retaliation

g. ☒ Harassment

h. ☒ Other conduct (please specify):

Physical injury, bribery, breaches of contract

i.  Did you complain about this same conduct in the charge of discrimination, referred to in number 6 above?

☒ Yes   ☐ No

9.  I believe that I was discriminated against because of my (check all that apply):

a. ☐ Race

b. ☐ Religion

c. ☐ National origin

d. ☐ Color

e. ☐ Gender

f. ☒ Disability

g. ☐ Age (my birth year is:_____)

h. ☒ Other (please specify):

Also in retaliation for reporting to state and federal agencies.

i. Did you state the same reason(s) in the charge of discrimination, referred to in number 6 above?

☒ Yes   ☐ No

Describe in the space provided below the basic facts of your claim. The description of facts should include a specific explanation of the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct (i.e. how, where, and when). Each paragraph must be numbered separately, beginning with number 10. Please write each allegation of discrimination in a separately numbered paragraph.

10. Discrimination began in November 2020 with a change in workplace conditions/requirements for some employees, including plaintiff, while other employees occupying the same spaces were excused from the requirement. Plaintiff was made to cover eyes at all times in all work spaces, even when not in proximity to any other people or necessitated by the work itself. Such requirement led to disability, physical injury, and interfered with safe working conditions. Every person contributing to the decision were not held to same standard. The discrimination occured in the Veterinary building on the University of Minnesota Campus.

**Attach additional sheets of paper as necessary.**
**Check here if additional sheets of paper are attached:** ☑
**Please label the attached sheets of paper as Additional Facts and continue to number the paragraphs consecutively.**

REQUEST FOR RELIEF

State briefly and exactly what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

1. Judgement against defendant for $600,000.00 in expectation damages.
2. Judgement against defendant for $500,000.00 in compensatory damages for pain, suffering, physical injury resulting from disability accommodation refusal, and medical expenses.
3. Judgement against defendant for $500,000.00 for emotional distress maliciously and intentionally inflicted upon plaintiff.
4. Judgement for $500,000.00 against defendant for punitive damages for their outrageous behavior, complete disrespect for law just for business and profit.

Date:

08/24/2021

Signature of Plaintiff

Mailing Address

6910 54th Ave. N. #302
Crystal, MN 55428

Telephone Number

763-531-0739

<u>Note:</u>   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide his/her mailing address and telephone number.  Attach additional sheets of paper as necessary.

## Additional Facts

11. In December 2020, plaintiff contacted Dr. Jakub Tolar with concerns regarding the change, as Dr. Tolar is the decision maker for the veterinary administration. Plaintiff also contacted the President of the University, Joan Gabel, seeking assistance. Both Jakub Tolar and Joan Gabel ignored plaintiff and did not respond.

12. In early January 2021, plaintiff had a meeting with Dr. Jeff Bender to clarify reasons and for supporting evidence for the infliction of pain and suffering upon plaintiff. No supporting scientific evidence was given.

13. Plaintiff was seen on January 12, 2021 by Boynton Health Services and diagnosed with headaches and migraines caused by the eye covering. Boynton recommended registering for Disability Services at the University of Minnesota, which plaintiff did. Accommodation request was denied, as former verbal requests had been.

14. Plaintiff began contacting State and Federal agencies for help in January 2021. Immediately there was retaliation by supervisor Anne Johnson and administrator Pat Berzins. Intimidation tactics were escalated including harassment, closed door meetings with no union representation informed or present, other employees recruited to spy on plaintiff and report back to Anne Johnson. Other employees violating rules and serious infection control issues ignored to specifically target plaintiff. Administrator Deb Vogt ignores other employees breaking rules to confront plaintiff about eye coverings. Plaintiff intimidated and coerced into signing document without union representation.

15. On January 27, 2021, Plaintiff had teleconference with OSHA investigator and was informed of his rights and the laws concerning this situation. After reporting this to Anne Johnson and Pat Berzins, plaintiff is immediately sent home without pay for exercising his rights and told not to return until he heard otherwise. Comments are made that they are not lawyers and cannot interpret the law.

16. Plaintiff was seen by M Health Neurology specialist on February 1, 2021. Diagnosis of disabling headaches and migraines caused by eye coverings upheld, along with finding of neurogenic inflammation causing predisposition to stroke or disease, and increased blood pressure. Recommendation for accommodation given again, and request denied again by supervisor and administration, with no explanation or proof of undue hardship or direct threat as required by law.

17. Plaintiff subjected to disciplinary hearing on February 2, 2021 as cover for supervisor and administration's wrongdoing. Multiple violations of union contract in the process. Union representative not informed of any disciplinary process, or allowed to be part of the process. Required investigation and investigatory hearing skipped though required by contract. Union steward lied to by administration about investigation, that there had been one but they refuse to

share results. Departure from customary verbal warning as the first step, and went directly to more severe written warning. Union steward denied ability to access meeting until demanded by plaintiff shortly before meeting began.

18. Information request by union revealed that plaintiff was singled out and was only employee disciplined.

19. Plaintiff contacted veterinary administration and provided exact wording of the Americans with Disabilities Act requirements for accommodations and requested exact reason for denial. Two attempts were made and both were ignored by administration. Now both accommodation request denied and direct refusal to answer reason.

20. On February 23, 2021, plaintiff again contacts office of Joan Gabel for help and is again ignored with no response to date.

21. Plaintiff files misconduct report with University of Minnesota Human Resources. Case is assigned to Peter Helgeson. No action is taken. Plaintiff files misconduct report with third party service Ethical Advocate. However, report is sent to same University employee Peter Helgeson who takes no action or investigates, so there is no third party oversight of supervisor or administration's misconduct.

22. On March 3, 2021, a grievance meeting is held with union to address the targeted and illegal discipline suffered by plaintiff. Human Resources employee Laura Larson and Anne Johnson commit bribery in the meeting. A possible alternative disability accommodation was withheld from plaintiff and instead held over his head as leverage to stop the grievance procedure and hide their misconduct.

23. Plaintiff sent veterinary administration a letter detailing pain, suffering, malpractice issues harming patients, and increased risk of suicide being inflicted on plaintiff and others subjected to the altered rules, and the reply was that they were "inconveniences".

24. Plaintiff is forced into taking a five week leave of absence after reaching breaking point over pain and accommodation refusal and to protect his health from further damage. Plaintiff had found two other disability accommodations and set them up and put in all the work, and was blocked by Laura Larson who never responded to the interested departments.

25. After five week leave, supervisor's harassment and targeted discrimination to plaintiff continues. Plaintiff is criticized at every chance, subjected to mask checks that other employees are not, and plaintiff is no longer training new hires which he had done previously.

26. Plaintiff files a workers compensation claim with the University for physical harm sustained. After being sent to supervisor for comment, it is denied and plaintiff is refused an explanation. Plaintiff had to contact Department of Labor and report noncompliance just to get a letter explaining claim denial. Letter is full of lies about the medical condition claiming it was pre-

existing and not serious, which is contradicted by two medical professionals. On July 30, 2021, plaintiff contacts Boynton Health regarding billing and is told that Boynton was informed that patient (plaintiff) requested the claim process be stopped. Plaintiff made no such request, and Boynton verified no coding errors, so Boynton was lied to so the University could escape responsibility for injuries and treatment.

27. Plaintiff files charge with Equal Employment Opportunity Commission on May 18, 2021 after investigator reviews case and finds cause to move forward. Plaintiff is informed that the process could take upwards of a year, so plaintiff requests a Right to Sue letter right away, which is granted and issued May 27, 2021.

28. Plaintiff's vacation request for July 26-30, 2021 is denied by supervisor, citing lack of coverage. However, schedule reveals that on other occasions, she gives even more people time off, leaving less staff and less coverage than when plaintiff had requested and was denied.

29. On August 13, 2021, plaintiff is called into meeting with his supervisor. Plaintiff receives official coaching which is filed in his record for another incident in which supervisor herself broke proper procedure. She requested a doctor note from plaintiff for missing two days due to illness. By policy, a doctor note is only supposed to be requested if absent three or more days. Supervisor was then unhappy with doctor's choice of wording and expects doctor to write to her liking. Supervisor also was unhappy that plaintiff chose telehealth over getting on a city bus and coming to the University campus in person for Boynton appointment when ill. This is another example of plaintiff singled out and blamed when his supervisor was actually at fault and treating plaintiff differently from other employees.